**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**
_____

CHRISTOPHER M. DANIELS,

                Plaintiff,                       **COMPLAINT**

v.

                                    **JURY TRIAL DEMANDED**

STELLAR RECOVERY, INC.
and
GILBERT SMITH,

                Defendants.
_____

## <u>INTRODUCTION</u>

1.    This action arises from each Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2.    The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3.    The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4.    The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6.    Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

7.    Plaintiff Christopher M. Daniels (hereinafter "Plaintiff"), is a natural person residing in the County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

## Defendant Stellar Recovery, Inc.

8.      Defendant Stellar Recovery, Inc. (hereinafter "Defendant Stellar"), is a corporation formed under the laws of Florida, but with its principal place of business located at 1327 Highway 2 West, Suite 100 Kalispell, MT 59901.

9.      Defendant Stellar is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## Defendant Gilbert Smith

10.     Defendant Gilbert Smith (hereinafter "Defendant Gilbert"), is a natural person employed at all times relevant by Defendant Stellar as a collection agent.

11.     Defendant Gilbert is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

12.     Sometime prior to December 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

13.     Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to the entity Monarch Recovery Management for collection.

14.     Upon information and belief, Plaintiff entered a payment plan with Monarch Recovery Management under which Plaintiff authorized Monarch Recovery Management to withdraw funds from Plaintiff's account each month for

3

eighteen (18) months, after which time Plaintiff and Monarch Recovery Management would negotiate a new payment schedule to resolve any remaining amount due.

15.   The sixteenth (16th) payment installment occurred in April, 2012.

16.   As of the April, 2012 payment, Plaintiff owed less than $3,500.00 on the alleged debt.

17.   Monarch Recovery Management did not make the seventeenth (17th) withdrawal in May, 2012.

18.   Monarch Recovery Management did not make the eighteenth (18th) withdrawal in June, 2012.

19.   Monarch Recovery Management did not contact Plaintiff at any time after April 2012.

20.   On August 9, 2012, the alleged debt was consigned, placed, or otherwise transferred to Defendant Stellar for collection.

21.   On or about August 10, 2012, Defendant Stellar initiated a collection campaign against Plaintiff by placing a telephone call to Plaintiff in an effort to collect the alleged debt.

22.   Defendant Stellar's August 2012 call to Plaintiff is a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

23.   Upon information and belief, Defendant Stellar's August 2012 call to Plaintiff was the "initial communication" as that term is used in Section 809 of the FDCPA, 15 U.S.C. 1692g.

24.     During this August 2012 telephone call, Defendant Stellar did not meaningfully identify itself, leaving Plaintiff with the impression that he was speaking with Monarch Recovery Management.

25.     Defendant Stellar's failure to identify itself constitutes violations of Section 806 of the FDCPA, 15 U.S.C. §§ 1692d and 1692d(6) and of  Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(14).

26.     Believing he was speaking with Monarch Recovery Management, Plaintiff requested to continue the monthly payment plan previously entered with Monarch Recovery Management.

27.     Defendant Stellar responded by demanding significant personal information from Plaintiff which had not been required as part of the original payment plan with Monarch Recovery Management.

28.     Plaintiff, realizing the August 2012 call was from an entity other than Monarch Recovery Management, refused Defendant Stellar's request for personal information.

29.     Defendant Stellar became upset with Plaintiff and terminated the call.

30.     Defendant Stellar did not state that it was a debt collector attempting to collect a debt. Defendant Stellar did not state that information obtained would be used for the purpose of debt collection. Defendant Stellar's August 2012 call to Plaintiff is therefore a violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

## Plaintiff's Second August 2012 Telephone Conversation
## With Defendant Stellar

31.    On or about August 10, 2012, Plaintiff immediately called Defendant Stellar (hereinafter, the "Second August 2012 Call") after having been hung up on by Defendant Stellar.

32.    The collection agent who spoke with Plaintiff during the Second August 2012 Call was the same collection agent who placed the original call.

33.    The collection agent terminated the call upon learning that it was Plaintiff calling back.

## Plaintiff's Third August 2012 Telephone Conversation
## With Defendant Stellar

34.    On or about August 10, 2012 Plaintiff immediately called Defendant Stellar for a second time (hereinafter, the "Third August 2012 Call") after having been hung up on by Defendant Stellar.

35.    Plaintiff demanded he be transferred to a collections manager. Defendant Stellar's collection agent initially refused this request but ultimately transferred Plaintiff to an individual identifying as a manager.

36.    Plaintiff expressed his displeasure at being hung up on repeatedly by Defendant Stellar after Defendant Stellar called to demand payment and personal information from Plaintiff but refused to provide Plaintiff with validation of the debt and amount due and Defendant Stellar's repeated failure to identify itself.

37.     Defendant Stellar's collections manager became angry and aggressive in tone
        before terminating Plaintiff's call.

### Plaintiff's Fourth August 2012 Telephone Conversation
### With Defendant Stellar

38.     On or about August 10, 2012 Plaintiff immediately called Defendant Stellar
        for a third time (hereinafter, the "Fourth August 2012 Call"). Plaintiff again
        spoke with Defendant's purported collection manager.

39.     Plaintiff requested and received a fax number for Defendant Stellar.

40.     Plaintiff subsequently sent Defendant Stellar copies of documents
        demonstrating the discrepancy between the amount Defendant Stellar
        demanded and the amount Plaintiff believed himself to owe as a result of
        payments made to Monarch Recovery Management.

41.     Defendant Stellar's collection manager stated he would check with
        Defendant Stellar's client and that Plaintiff "had just better be prepared when
        we get back to you."

42.     Plaintiff responded that he did not understand what Defendant Stellar's
        collection manager had meant. Plaintiff reiterated that he was not attempting
        to avoid any obligation. Plaintiff stated that he had proposed entering a
        payment plan, but needed validation of the debt because he disagreed with
        Defendant Stellar's asserted balance. Plaintiff stated that he had specifically
        requested a fax number so he could provide Defendant Stellar with proof of
        what Plaintiff believed was the actual amount due and owed.

43.    Plaintiff stated that the only reason a payment plan had not been arranged yet was because Defendant Stellar had terminated every call before Plaintiff had received any indication of who Defendant Stellar was or how they came to assert the dollar figure they were demanding Plaintiff pay.

44.    Defendant Stellar again terminated the call.

45.    Defendant Stellar's initiation of a collection campaign against Plaintiff, and subsequent repeated refusals to speak with Plaintiff when Plaintiff attempted to clarify the purpose of the calls constitutes conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff. Defendant Stellar is in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d.

46.    Defendant Stellar's refusal to clarify to Plaintiff the nature of the alleged debt and Defendant Stellar's alleged legal right to collect the alleged debt constitutes a false, deceptive, and misleading representation or means in connection with the collection of an alleged debt. Defendant Stellar is in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

47.    Upon information and belief, Defendant Stellar's contact with Plaintiff on or around August 10, 2012 was the initial communication by Defendant Stellar. Defendant Stellar did not send Plaintiff a 30-Day Validation Notice within five (5) days of the initial communication. Defendant Stellar is in violation of Section 809 of the FDCPA, 15 U.S.C. § 1692g.

**Defendant Stellar's September 2012 Contact With Plaintiff**

48.     On September 27, 2012, Defendant Stellar's collection agent, Defendant Gilbert called Plaintiff to demand payment of the alleged debt. Defendant Gilbert's September 2012 telephone call is a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

49.     Plaintiff stated that he had retained legal counsel and provided Defendant Gilbert with the contact information for Plaintiff's attorney.

50.     On September 27, 2012, Defendant Gilbert contacted the offices of Plaintiff's attorney to verify that Plaintiff had legal counsel. Defendant Gilbert's call to Plaintiff's attorney is a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

51.     The offices of Plaintiff's attorney confirmed representation of Plaintiff to Defendant Gilbert.

**Defendant Gilbert's December 2012 Communication
With Plaintiff's Attorney**

52.     On December 4, 2012, Defendant Gilbert contacted the offices of Plaintiff's attorney and demanded to speak with Plaintiff's attorney.

53.     Defendant Gilbert was informed that Plaintiff's attorney was not in the office as he was a court hearing.

54.     Defendant Gilbert was asked if he would remain on hold temporarily while he was connected with the paralegal for Plaintiff's attorney.

55.  Defendant Gilbert became rude and aggressive in tone, stating that by law Plaintiff's attorney had 10 business days or Defendant Gilbert was permitted to initiate direct communications with Plaintiff again.

56.  Defendant Gilbert specifically indicated his intent to recommence placing calls to Plaintiff's home.

57.  Defendant Gilbert raised his voice, demanding he not be shouted at and then terminated the call.

58.  At no time did any person raise their voice when speaking with Defendant Gilbert.

59.  Section 804b(6) of the FDCPA, 15 U.S.C. § 1692c(a)(2) prohibits communication with a consumer by a debt collector "if the debt collector knows the consumer is represented by an attorney with respect to such debt. . . unless the attorney fails to respond within a reasonable period of time. . . ."

60.  The FDCPA does not define "reasonable period of time," as that phrase is used in 15 U.S.C. § 1692c(a)(2), to mean ten (10) business days.

61.  Defendant Gilbert's assertion that Defendants would begin calling Plaintiff after ten (10) business days because they were allowed to do so "by law" was a false, deceptive, or misleading representation or means in connection with the collection of a debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

62.  Defendant Gilbert's assertion that it would contravene the FDCPA based upon an arbitrary deadline of ten (10) business days was a threat to take

action that cannot legally be taken or that is not intended to be taken, violating Section 807 of the FDCPA 15 U.S.C. §§ 1692e and 1692e(5).

## Actual Damages

63.    Plaintiff suffered actual damages under the FDCPA in the form of fear of answering the telephone, nervousness, feelings of helplessness, and negative impacts on personal relationships.

## Respondeat Superior Liability

64.    The acts and omissions of each Defendant, and/or the other debt collectors employed as agents by each Defendant who communicated with Plaintiff-further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant Stellar.

65.    The acts and omissions by each Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Stellar in collecting consumer debts.

66.    By committing these acts and omissions against Plaintiff, each Defendant and these other debt collectors were motivated to benefit their principal, Defendant Stellar.

67.    Defendant Stellar is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees,

including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

68.   The above-detailed conduct by each Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

69.   Each Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

70.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.
*(Defendant Stellar)*

71.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.   The foregoing acts and omissions of Defendant Stellar and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

73.    As a result of Defendant Stellar's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Stellar herein.

**COUNT II**
**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**
*(Defendant Gilbert)*

74.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.    The foregoing acts and omissions of Defendant Gilbert constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

76.    As a result of Defendant Gilbert's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Gilbert herein.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays that judgment be entered against each

Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
## ACT 15 U.S.C. § 1692 et seq.
*(Defendant Stellar)*

77.    For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

Defendant Stellar and for Plaintiff;

78.    For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant Stellar and for Plaintiff; and

79.    For an award of costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) against Defendant Stellar and for Plaintiff.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
## ACT 15 U.S.C. § 1692 et seq.
*(Defendant Gilbert)*

80.    For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

Defendant Gilbert and for Plaintiff;

81.    For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant Gilbert and for Plaintiff; and

82.    For an award of costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) against Defendant Gilbert and for Plaintiff.

Respectfully submitted,

Dated:  December 5, 2012        MARTINEAU, GONKO & VAVRECK, PLLC


 s/ Mark L. Vavreck                                    .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com